UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CARPENTERS' DISTRICT COUNCIL )
OF GREATER ST. LOUIS AND )
VICINITY, et al., )
)
    Plaintiffs, )
)
    vs. )     Case No. 4:11CV169 HEA
)
COMMERCIAL WOODWORKING & )
CONTRACTING, INC., et al., )
)
    Defendants. )

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Summary Judgment, [Doc. No. 20]. Defendants oppose the motion, and the matter is fully briefed. For the reasons set forth below, the Motion is granted.

## Introduction

Plaintiffs brought this action seeking recovery of delinquent fringe benefit contributions Plaintiffs claim Defendants owe, pursuant to the Labor Management Relations Act, 29 U.S.C. § 185, and the Employee Retirement Income Security Act, 29 U.S.C. § 1132. Plaintiffs also seek recovery of various loans made to Defendants Commercial Woodworking, David Marland, Roger S. Lahr, and John S. Neidenbach.

## Facts and Background

The facts of this matter are set out in Plaintiffs' Statement of Undisputed Facts. Defendants do not dispute most of the facts detailed by Plaintiffs, rather, Defendants assert their affirmative defenses preclude entry of summary judgment.

Plaintiff Carpenters' District Council of St. Louis (the "Union") is an unincorporated association comprised of and representing persons engaged in carpentry, joining, and related activities. The Union is a "labor organization" within the meaning of Section 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. §152(5), representing employees in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. §185, and is an "employee organization" within the meaning of Section 3(4) of ERISA, 29 U.S.C. §1002(4). The Union maintains its principal offices within the Eastern District of Missouri. The Union is and was at all times material herein the collective bargaining representative of all employees in its bargaining units employed by defendant.

The Carpenters' Pension Trust Fund of St. Louis (the "Pension Trust"), the Carpenters' Health and Welfare Trust Fund of St. Louis (the "Welfare Trust"), and the Carpenters' Vacation Trust of St. Louis (the "Vacation Trust") (collectively referred to as "the Funds"), are all employee benefit plans within the meaning of Sections 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §1002(3) and §1132(d)(1), and are multi-employer plans within the meaning of Sections 3(37)(A) and 515 of

ERISA, 29 U.S.C. §§1002(37)(A) and 1145. Plaintiffs Terry M. Nelson, John P. Mulligan, Patrick J. Sweeney, III, Renee Bell, Thomas Heinsz, John W. Fischer, Scott Byrne, Ken Stricker, James P. Schmid, Kirk Verseman, Albert Bond, Robert Calhoun, Ron Dicus and Earl Poe, III constitute the joint board of trustees of the Pension Trust and are the plan sponsor of the Pension Trust within the meaning of Section 3(16)(B) of ERISA, 29 U.S.C. §1002(16)(B), and are fiduciaries of the Pension Trust within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), with respect to that fund. Plaintiffs Terry M. Nelson, John P. Mulligan, Patrick J. Sweeney, III, Renee Bell, Thomas Heinsz, John W. Fischer, Albert Bond, Ken Stricker, Michael T. Thuston, Kirk Verseman, Scott Byrne, Robert Calhoun, Ron Dicus and Earl Poe, III constitute the joint board of trustees of the Welfare Trust and are the plan sponsor of the Welfare Trust within the meaning of Section 3(16)(B) of ERISA, 29 U.S.C §1002(16)(B), and are fiduciaries of the Welfare Trust within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), with respect to that fund. Plaintiffs Terry M. Nelson, John P. Mulligan, Patrick J. Sweeney, III, Renee Bell, Thomas Heinsz, John W. Fischer, Albert Bond, Ken Stricker, James P. Schmid, Kirk Verseman, Robert Calhoun and Ron Dicus constitute the joint board of trustees of the Vacation Trust and are the plan sponsor of the Vacation Trust within the meaning of Section 3(16)(B) of ERISA, 29 U.S.C §1002(16)(B), and are fiduciaries of the Vacation

Trust within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), with respect to that fund. Plaintiffs Terry M. Nelson, Renee Bell, Robert Behlman, Dave Marxkors, Michael T. Thuston, Mike Grigaitis, Ron Dicus, Robert Wolf, John Holzer, and Albert Bond constitute the joint board of trustees of the Carpenters' Joint Training Fund of St. Louis and are the plan sponsor of the Training Fund within the meaning of Section 3(16)(B) of ERISA, 29 U.S.C §1002(16)(B), and are fiduciaries of the Training Fund within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), with respect to that fund.

Defendant Commercial Woodworking & Contracting, Inc. is a Missouri corporation in good standing. Defendant Commercial Woodworking & Contracting, Inc. conducts business within this judicial district and is an employer in an industry affecting commerce within the meaning of Sections 2(2), 2(6), and 2(7) of the NLRA, 29 U.S.C. §§152(2), 152(6), and 152(7), and within the meaning of Sections 3(5), 3(11), 3(12), and 515 of ERISA, 29 U.S.C. §§1002(5), 1002(11), 1002(12), and 1145. Commercial Woodworking & Contracting, Inc. has been party to collective bargaining agreements with the District Council.

The collective bargaining agreements require the payment of contributions to the Carpenters employee benefit funds. Commercial Woodworking & Contracting, Inc. has failed to purchase the required stamps for fringe benefit

contributions. Although Commercial Woodworking & Contracting, Inc. denies this fact, nothing in Defendant's exhibits establishes the contrary.

According to Plaintiff's records, Commercial Woodworking owes the following amounts in unpaid contributions: $134,081.26 for the period of June 2010 through May 3, 2011 for shop carpenters, and $23,508.93 for the period of June 2010 through January, 2011 for outside carpenters. Defendants dispute that they owe these amounts due to their affirmative defenses.

On April 26, 2004, Plaintiffs made a loan in the amount of $76,000.00 to defendants Commercial Woodworking & Contracting, Inc., Dave Markland, Roger S. Lahr and John S. Neidenbach. The repayment of this loan was set forth in a promissory note. The Promissory Note contains the following provisions:

> **Default**. Each of the following shall constitute an event of default ("Event of Default") under this Note:
>
> **Payment Default**. Borrowers fail to make any payment when due under this Note.
>
> **Other Defaults**. Borrowers fail to comply with or to perform any other term, obligation, covenant or condition contained in any other agreement between Lender and Borrowers.
>
> **Union Status**. Borrowers fail to remain in good standing with the Carpenters' Union or fail to remain current in fringe benefit payment on behalf of union members.

Defendants Commercial Woodworking, Dave Markland, Roger S. Lahr and John S. Neidenbach have materially defaulted on the Promissory Note by becoming delinquent in fringe benefit contributions.

The District Council has demanded that Commercial Woodworking, Dave Markland, Roger S. Lahr and John S. Neidenbach pay the amount due under the loan, to no avail.

On June 1, 2004, Plaintiff made a loan in the amount of $32,000.00 to Defendants Commercial Woodworking & Contracting, Inc., Dave Markland, Roger S. Lahr and John S. Neidenbach. The repayment of the loan was set forth in a promissory note. The Promissory Note contains the following provisions:

> **Default**. Each of the following shall constitute an event of default ("Event of Default") under this Note:
>
> **Payment Default**. Borrowers fail to make any payment when due under this Note.
>
> **Other Defaults**. Borrowers fail to comply with or to perform any other term, obligation, covenant or condition contained in any other agreement between Lender and Borrowers.
>
> **Union Status**. Borrowers fail to remain in good standing with the Carpenters' Union or fail to remain current in fringe benefit payment on behalf of union members.

The District Council has demanded that Commercial Woodworking, Dave Markland, Roger S. Lahr and John S. Neidenbach pay the amount due under the loan, to no avail.

On May 21, 2007, the District Council made a loan in the amount of $215,163.75 to Commercial Woodworking, Dave Markland, Roger S. Lahr and John S. Neidenbach. The repayment of this loan was set forth in a Promissory Note. The Promissory Note contains the following provisions:

> **Default**. Each of the following shall constitute an event of default ("Event of Default") under this Note:
>
> **Payment Default**. Borrowers fail to make any payment when due under this Note.
>
> **Other Defaults**. Borrowers fail to comply with or to perform any other term, obligation, covenant or condition contained in any other agreement between Lender and Borrowers.
>
> **Union Status**. Borrowers fail to remain in good standing with the Carpenters' Union or fail to remain current in fringe benefit payment on behalf of union members.

The District Council has demanded that Commercial Woodworking, Dave Markland, Roger S. Lahr and John S. Neidenbach pay the amount due under the loan, to no avail.

On January 15, 2010, Plaintiff agreed to and thereafter did, provide Defendant Commercial Woodworking & Contracting, Inc. with cash advances of

$18,000.00 per week for sixteen (16) weeks, and Defendant Commercial Woodworking & Contracting, Inc. agreed to reimburse Plaintiff for these amounts. Commercial Woodworking has failed to repay the District Council a total of $116,025.25 out of the monies advanced. The District Council has demanded that Commercial Woodworking repay this amount, to no avail.

## Discussion

### Summary Judgment Standard

The standards for summary judgment are well settled. In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005); *Littrell v. City of Kansas City, Mo.,* 459 F.3d 918, 921 (8th Cir. 2006). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R.

Civ. P. 56(e); *Anderson* 477 U.S. at 256; *Littrell*, 459 F.3d at 921. "The party opposing summary judgment may not rest on the allegations in its pleadings; it must 'set forth specific facts showing that there is a genuine issue for trial.'" *United of Omaha Life Ins. Co. v. Honea,* 458 F.3d 788, 791 (8th Cir.2006) (quoting Fed. R. Civ. P. 56(e)); "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. *Anderson,* 477 U.S. at 248; *Woods,* 409 F.3d at 990.

To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.'" *Wilson v. Int'l Bus. Mach. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotations omitted). *Putman v. Unity Health Sys.*, 348 F.3d 732, 733-34 (8th Cir. 2003). A party may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor. *Wilson v. Int'l Bus. Mach. Corp.,* 62 F.3d 237, 241 (8th Cir.1995). "The mere existence of a scintilla of evidence in support of the [party's] position will be insufficient; there must be

evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. 242 at 252; *Davidson & Assocs. v. Jung* 422 F.3d 630, 638 (8th Cir. 2005) Summary judgment is proper if a plaintiff fails to establish any element of the prima facie case. *Nesser v. Trans World Airlines, Inc.*, 160 F.3d 442, 444 (8th Cir. 1998) (citing *Weber v. American Express Co.*, 994 F.2d 513, 515-16)). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Thomas v. Corwin,* 483 F.3d 516, 526-27(8th Cir. 2007). Summary judgment will be granted when, viewing the evidence in the light most favorable to the nonmoving party and giving the nonmoving party the benefit of all reasonable inferences, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Samuels v. Kan. City Mo. Sch.Dist.,* 437 F.3d 797, 801 (8th Cir. 2006).

Employers, under the Employee Retirement Income Security Act ("ERISA") states at 29 U.S.C. §1145 together with collective bargaining agreements, are required to make contributions to a multiemployer plan:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

Further, Section1132(g)(2) provides:

(2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan --
(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the greater of -

(I) interest on the unpaid contributions, or

(ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate. For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

Defendants do not dispute that the contributions were not made. Defendants argue, however, that the affirmative defenses of: failure to mitigate damages, the agreements are void due to commercial frustration and Plaintiffs released Defendants from the collective bargaining agreement preclude summary judgment.

Count I of Plaintiffs' Complaint is brought for the failure to pay fringe benefits in violation of the collective bargaining agreement, and in violation of ERISA. These bases for recovery are premised on federal statutes and, therefore,

state law causes of action and their affirmative defenses are inapplicable to Plaintiffs' claims.

> Over 30 years ago, this Court held that § 301 not only provides the federal courts with jurisdiction over controversies involving collective-bargaining agreements but also authorizes the courts to fashion "a body of federal law for the enforcement of these collective bargaining agreements." *Textile Workers v. Lincoln Mills of Alabama,* 353 U.S. 448, 451, 77 S.Ct. 912, 915, 1 L.Ed.2d 972 (1957). Since then, the Court has made clear that § 301 is a potent source of federal labor law, for though state courts have concurrent jurisdiction over controversies involving collective-bargaining agreements, *Charles Dowd Box Co. v. Courtney,* 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962), state courts must apply federal law in deciding those claims, *Teamsters v. Lucas Flour Co.,* 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962), and indeed any state-law cause of action for violation of collective-bargaining agreements is entirely displaced by federal law under § 301, see *Avco Corp. v. Machinists,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968). State law is thus "pre-empted" by § 301 in that only the federal law fashioned by the courts under § 301 governs the interpretation and application of collective-bargaining agreements.

*United Steelworkers of America, AFL-CIO-CLC v. Rawson,* 495 U.S. 362, 368 (1990).

Defendants have presented no federal authority in support of their arguments asserting the affirmative defenses of failure to mitigate damages and commercial frustration with respect to the delinquent contributions. Indeed, the Court's own research has uncovered no such authority.

Regarding Defendant's attempt avoid summary judgment through the affirmative defense of release form the collective bargaining agreement, as

Plaintiffs' reply carefully points out, Defendants' own version of the event rebuts Defendants' position. The affidavit of Roger Lahr, and the exhibits thereto establish that Plaintiffs intended for the collective bargaining relationship to continue, and no where in any part of this record can it be concluded that Plaintiffs "released" Defendants from any of their obligations.

Defendants do not explain how their affirmative defense of release has any applicability to Counts II through V. These counts are brought seeking payment for certain loans made by Plaintiffs to certain Defendants, and therefore have nothing to do with the collective bargaining agreements, and therefore, the affirmative defense of release from the collective bargaining agreement is necessarily inapplicable.

As to Defendants remaining affirmative defenses as they relate to Counts II through V, Defendants are unable to withstand summary judgment.

> Mitigation of damages as a generally recognized principle of law is also known as the rule of avoidable consequences. The rule requires that one damaged through alleged breach by another of some legal duty or obligation make reasonable efforts to minimize the resulting damage. *Wolf v. Missouri State Training School For Boys*, 517 S.W.2d 138 (Mo. banc 1974); 22 Am.Jur.2d Damages s 33. The burden of proof of mitigation of damages is on the defendant who must show the opportunity the injured party had to mitigate and the reasonable prospective consequences. *Curlee v. Donaldson*, 233 S.W.2d 746, 757 (Mo.App.1950).

*Braun v. Lorenz,* 585 S.W.2d 102, 108 (Mo.App. W.D. 1979); "The burden of proof of mitigation of damages is on the defendant who must show the opportunity

to mitigate and the reasonable prospective consequences. *Braun v. Lorenz,* 585 S.W.2d 102, 108 (Mo.App.1979)." *Smith v. City of Miner*, 761 S.W.2d 259, 260 (Mo.App. E.D. 1988). Defendants have presented nothing to establish that Plaintiffs could have, but did not, mitigate any damages incurred as a result of Defendants defaults.

Regarding Defendants' affirmative defense of commercial frustration as to the payment of the promissory notes, Defendants' asserted "unanticipated event" of economic recession falls short of an unforeseen event by the parties. *Howard v. Nicholson*, 556 S.W.2d 477 (Mo.App. 1977).

The commercial frustration doctrine excuses performance of contractual obligations when a happening, not foreseen by the contractors, destroys, or nearly destroys, the contracted performance's value of the contract's purpose, provided the contractors did not cause the happening and were unable to avoid its consequence. *American Laminates, Inc. v. J.S. Latta Co.,* 980 S.W.2d 12, 19 (Mo.App. 1998). Under Missouri law, to preserve the certainty of contracts, courts are to apply this doctrine sparingly—only when its application would not work an extreme hardship. *Howard,* 556 S.W.2d at 483. As a general matter, if a party to a contract wants its performance to be excused upon the happening of an event arising after the formation of a contract, which event reasonably could be foreseen at the time of contracting, that party must expressly provide for that contingency in

the contract, even if that event would render performance impossible, impractical, or commercially-frustrated. See *Clean Uniform Co. St. Louis v. Magic Touch Cleaning, Inc.* 300 S.W.3d 602, 608 (Mo.App. 2009); *Minor v. Rush,* 216 S.W.3d 210, 213–14 3d (Mo.App. 2007); *Missouri Dept. of Transp. ex rel. v. Safeco,* 97 S.W.3d 21, 35 (Mo.App.2002). See also 30 Richard A. Lord, Williston on Contracts §§ 77:11, 77:54, 77:95 (4th ed.2004); 17A Am.Jur.2d Contracts §§ 653, 659 (2004).

> As a general rule, when a party contracts to do "a thing possible to be performed, he will not be excused ... because unforeseen difficulties are encountered." *Webb–Boone Paving Co. v. State Highway Comm'n,* 351 Mo. 922, 173 S.W.2d 580, 584 (1943) (quoting *United States v. Spearin,* 248 U.S. 132, 136, 54 Ct.Cl. 187, 39 S.Ct. 59, 63 L.Ed. 166 (1918)). Thus, a party to a contract must perform thereunder "unless performance is rendered impossible by an Act of God, the law, or the other party." *Farmers' Elec. Coop., Inc. v. Mo. Dep't of Corr.,* 977 S.W.2d 266, 271 (Mo. banc 1998). In order for a contingency not resulting in impossibility to excuse performance, the party wishing to be excused must provide for that contingency in the contract. *Stein v. Bruce,* 366 S.W.2d 732, 734 (Mo.App.1963).

*Minor v. Rush,* 216 S.W.3d 210, 213 (Mo.App. 2007).

Defendants' "commercial frustration" defense is based, not on an impossibility of performance, rather, an unforeseen difficulty, *i.e.*, the economic recession. Such difficulty does not excuse performance under the doctrine, since the given event is not an act of God, the law or Plaintiffs. Defendants cannot, given the facts of this case, avail themselves of the affirmative defense of

"commercial frustration," and thus, Plaintiffs are entitled to summary judgment on Counts II though V.

## Conclusion

Plaintiffs have established that they are entitled to summary judgment as a matter of law. Defendants' asserted affirmative defenses do not overcome the conclusive determination that they have failed to make the required fringe benefits contributions and have failed to pay the required payments under the promissory notes.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Summary Judgment, [Doc. No. 20] is granted.

A separate judgment is entered this same date.

Dated this 26th day of March, 2012.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE